OPINION OF THE COURT — by the
Hon. POWHATTAN ELLIS.
After the death of Nathaniel Scudder, his wife administered upon the estate, and at the sale of the personal property, Margaret Scudder, daughter of the deceased, purchased Diesy and Daniel, the negroes in con-trovery, for which she executed her promisory note. After the pnrchase she intermarried with one Thomas Seals, who reduced the negroes into possession, and worked them on the old lady’s plantation, but, separate and distinct from her crop. In July 1822, Mrs. Thomas Seals died, and her husband sold the standing crop, and hired the negroes to Thomas Scudder, one of the present defendants. The negroes were hired twice to Scud-ders, and finally came into the possession of T. Seals, who carried them to the house of James Seals, the plaintiff below, who purchased said ne-groes. The petition of James Seals, supported by the oath of D. Muse, states that Dicey and Daniel were either stolen or enticed ou t of his possession, some time in September last. Upon the hearing of the evidence on both sides, the judge had the property restored to the petitioner.
From the evidence introduced on the trial below, there cannot be a doubt in relation to the right of property. The only question for our consideration is, whether the petitioner has brought himself within the provisions of the 19 th section of the habeas corpus act, which says: — “If any slave or slaves for life shall be taken or seduced out of the possession of the master, owner or overseers of such slave or slaves, by force, stratagem or fraud, and unlawfully detained in the possession of any other person,” &c. The fact of the detention of the negroes by Scudder, when he must have known they did not belong to him, was an imposition upon the rights of the plaintiff below, and will bring the case within, not only the letter, hut the spirit of the statute. It was a trick — a stratagem, to deprive the *155 owner of the possession of his property, otherwise they never would have been detained after legal demand being made. Dicey and Daniel being in the possession of Scudder, is evidence they were taken by him, until the contrary appears — and a refusal to deliver them over to the owner, is conclusive that he wished to hold the property without even the colour of title. This amounts, (as I have before stated) to imposition, trick and stratagem, presenting a case liable to the operation of the statute in such case made and provided. I am of the opinion the Judgment of the court below ought tobe affirmed.’